**Ricardo J. CARDENAS, Plaintiff,**

v.

**FIRE AND POLICE COMMISSION OF THE CITY OF MILWAUKEE, Defendant.**

No. Civ.A. 97–C–1238.

United States District Court, E.D. Wisconsin.

Jan. 8, 1998.

John F. Fuchs, Fuchs, Snow, O'Connell & DeStefanis, Milwaukee, WI, for Plaintiff.

Susan E. Lappen, Asst. City Atty., Milwaukee, WI, for Defendant.

**DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO REMOVAL**

REYNOLDS, District Judge.

On November 6, 1997, the plaintiff, Ricardo J. Cardenas ("Cardenas"), a Milwaukee police officer, filed this suit in the Milwaukee County Circuit Court. The suit arises from the defendant Fire and Police Commission's refusal to waive a requirement that Milwaukee police officers reside within the city. Cardenas seeks judicial review of the defendant's decision under Wis.Stat. § 62.50. Further, the plaintiff attacks the regulation at issue as violative of several clauses of the United States Constitution.

As has become routine in the City Attorney's office, the defendant removed the action to this court on November 26, 1997. On December 4, 1997, the plaintiff filed an objection, positing exercise of jurisdiction as discretionary under 28 U.S.C. § 1441(c). If this were the case, the court might be inclined to agree with the objection insofar as administrative proceedings involving city police personnel policies probably should be addressed in the first instance close to home. For its part, the defendant agrees that jurisdiction is discretionary and profoundly asserts that

"the interests of justice and judicial economy weigh in favor" of removal jurisdiction.[1]

In contrast, this court has a duty to exercise jurisdiction over the federal claims. 28 U.S.C. § 1441(b). If Cardenas' demand for state law review of the defendant's decision were "separate and independent" from the federal claims, the court could decline pendent jurisdiction, thereby splitting the case into parallel state and federal proceedings. 28 U.S.C. 1441(c). The court declines to wrestle with the "separate and independent" analysis because the only possible result, severance, would sacrifice common sense at the altar of formalism. That is, pendent jurisdiction is here justified as a means of keeping the action intact.

The recent case of City of *Chicago v. International College of Surgeons,* —— U.S. ——, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (reversing the Seventh Circuit) makes clear that the fact that federal claims are framed with state law causes of action—here as there, review of administrative decisions—does not vitiate a federal court's duty to enforce the United States Constitution.

The plaintiff, Ricardo J. Cardenas' objection to removal is **OVERRULED.**

---

1. Given the number of cases the Milwaukee City Attorney removes from state to federal court, that office should be expected to provide more thorough legal support for what it demands of the court and the other litigants.